# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **RUPP TRUCKING & ENTERPRISES, INC., et al.,**<br><br>       Plaintiffs,<br><br>v.<br><br>**SOLARE LAND HOLDINGS, LLC, et al.,**<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:09CV163DAK |

    Before the court is Defendant Federal Deposit Insurance Corporation's ("FDIC") Motion to Stay Proceedings. The motion is fully briefed. Having considered the parties arguments as well as the law and facts relevant to the pending motion, the court enters the following Memorandum Decision and Order.

BACKGROUND

    On September 18, 2009, the FDIC was appointed Receiver of Irwin Union Bank and Trust Company. Irwin Union is a defendant in this action because it is the lender bank through whom Defendant Solare Land Holdings, LLC, sought to finance the project upon which Plaintiffs claim a mechanic's lien. On November 3, 2009, Defendant Irwin Union was served with the Complaint. On December 2, 2009, the FDIC as Receiver for Irwin Union moved to be substituted as a party in this action. On December 4, 2009, the FDIC removed the action to federal court. On January 15, 2010, the FDIC filed the present motion to stay proceedings.

DISCUSSION

The FDIC moves for a ninety-day stay of proceedings pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d)(12), which provides:

> (A) In general. After the appointment of a conservator or receiver for an insured depository institution, the conservator or receiver may request a stay for a period not to exceed–
> . . . .
> (ii) 90 days, in the case of any receiver,
> in any judicial action or proceeding to which such institution is or becomes a party.

12 U.S.C. § 1821(d)(12)(A). Upon the receipt of a request by a receiver to stay any judicial proceeding, "the court shall grant such stay as to all parties." *Id.* § 1821(d)(12)(B).

The parties in this matter dispute the date on which the stay should begin. Plaintiffs assert that the ninety-day stay should have begun on the date the FDIC became the receiver of Irwin Union, September 18, 2009. The FDIC seeks a stay from December 2, 2009, the date the FDIC moved to be substituted as a party.

The court agrees with the authority presented by the FDIC that Plaintiffs' interpretation "would render superfluous that section of the statute that allows the [receiver] to request a stay when it 'becomes a party.'" *Boylan v. George E. Bumpus, Jr. Construction Co.*, 1992 Bankr. LEXIS 1304 (Bankr. D. Mass. 1992). Plaintiffs' reading of the statute would have the stay period begin before Irwin Union was served with the Complaint. The policy for allowing the stay is to provide the receiver with an opportunity to familiarize itself with the claim and the case. The receiver cannot do that prior to becoming a party to the action. The court,

therefore, concludes that the ninety-day stay should run from December 2, 2009, when the FDIC moved to become a party in this action. Accordingly, the court grants the FDIC's motion to stay proceedings up to and including March 1, 2010.

CONCLUSION

Based on the above reasoning, Defendant Federal Deposit Insurance Corporation's ("FDIC") Motion to Stay Proceedings is GRANTED. Proceedings in this matter are stayed up to and including March 1, 2010, pursuant to 12 U.S.C. § 1821(d)(12).

DATED this 28th day of January, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge