IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| RUPP TRUCKING & ENTERPRISES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SOLARE LAND HOLDINGS, LLC; et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:09-cv-00163DAK |

This matter is before the court on Defendant FDIC's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. The court held a hearing on the motion on July 16, 2010. At the hearing, Plaintiff was represented by Joseph McAllister, and Defendant was represented by Jared Asbury. The court took the matter under advisement. The court has carefully considered the memoranda and other materials submitted by the parties, as well as the facts and the law relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

**BACKGROUND**

Plaintiffs Rupp Trucking and Enterprises, Inc., and Rupp Trucking and Excavating, Inc. (collectively "Rupp") brought this lawsuit in Utah's First Judicial District Court of Cache County to collect on an allegedly unpaid debt owed to them by Solare Land Holdings, LLC ("Solare") for construction work done on a residential

1

development, Phases Two and Three of The Communities at Deer Crest (the "Development").

On February 19, 2008, Solare took out a Construction Mortgage from Irwin Union Bank and Trust Company ("Irwin Union") to construct the Development. The mortgage was secured by a Construction Deed of Trust that Irwin Union recorded on February 27, 2008.[1] Rupp signed a contract with Solare on May 1, 2008, to perform grading, construct sewers and spillways, and do other drainage-related work. Rupp commenced its work on the Development on May 28, 2008, and completed it on July 1, 2008. Rupp alleges that during the course of construction, Solare requested certain changes to the scope of the project, that it performed the additional work, and that Solare then refused to compensate it for these material additions to the contracted-for work. Following Solare's alleged failure to fulfill its obligations, Rupp claimed mechanic's liens on all of the lots in the Development, and filed suit in state court.

The suit contains nineteen causes of action. The first, second, and nineteenth are against Solare for breach of contract, failure to obtain a payment bond, and unjust enrichment. They are not at issue in this motion. Though the parties submitted briefs on the fourth through eighteenth causes of action, for foreclosure of lots belonging to individual homeowners in the Development, Rupp indicated at the hearing that these matters have settled. Therefore, the only issue before the court is Rupp's third cause of action, for foreclosure of the lots retained by Solare as of the recordation of the deed of trust on February 27, 2008.

---

[1] Irwin Union's Deed of Trust included seventy-six of the ninety-four lots in the Development. Though the record is not clear on this point, the other eighteen lots had apparently already been sold to certain previously dismissed individual homeowners.

In connection with its cause of action to foreclose on the lien, Rupp sought in its Prayer for Relief a decree adjudging the priorities of each of the parties in and to the Property. As part of its effort to identify potential rival claimants, Rupp filed a Second Amended Complaint on September 23, 2009, in which it named Irwin Union as a defendant. Rupp did not claim that its liens had priority over Irwin Union's deed of trust, and mentioned Irwin Union only in the course of noting that the bank might claim an interest in the property in question.

However, previously, on September 18, 2009, the Indiana Department of Financial Institutions took over Irwin Union, and appointed the FDIC as Receiver. When Irwin Union was summoned to answer the Second Amended Complaint, the FDIC was substituted in as the appropriate party in interest. The FDIC removed the case to this court on December 4, 2009, pursuant to 12 U.S.C. §1819 (2)(b)(2)(A), and the court stayed the matter through March 1, 2010, pursuant to 12 U.S.C. 1821(d)(12). On March 2, 2010, the FDIC brought the pending motion to dismiss.

## DISCUSSION

### Defendant FDIC's Motion to Dismiss

The FDIC moves to dismiss for lack of subject matter jurisdiction, arguing that Rupp failed to exhaust the administrative claims process with the FDIC, which the Financial Institutions Reform Recovery and Enforcement Act of 1989 (FIRREA) requires before any court can hear a suit on the matter. The FDIC further argues that Rupp's cause of action for foreclosure should be dismissed as matter of law because Rupp has failed to state a claim against the FDIC and Rupp is statutorily barred from foreclosing on assets of the FDIC without the FDIC's consent.

*Subject Matter Jurisdiction*

FIRREA denies judicial review to all claims brought against the FDIC after its appointment as Receiver, unless the potential plaintiff has exhausted the FDIC's administrative claims process. FIRREA states "no court shall have jurisdiction over any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver." 12 U.S.C. 1821(d)(13)(D). However, courts do have jurisdiction after the FDIC has denied a claim or after 180 days have passed since the claim was filed without a determination from the FDIC. 12 U.S.C. §1821(d)(6)(A)(ii).

Courts have found that FIRREA makes it clear that "unless administrative procedures are complied with, no court shall have jurisdiction to evaluate a claim brought against a failed Banking institution for whom the [FDIC] has been appointed receiver." See, e.g., *Bueford v. RTC*, 991 F.2d 481, 484 (8th Cir. 1993). The Tenth Circuit has recognized that "[t]he statute clearly requires that each creditor file a claim" and "[i]n the event the claim is disallowed the creditor can then file suit." *RTC v. Mustang Partners*, 946 F.2d 103, 106 (10th Cir. 1991). More recently, in *Northstar Funding Group Inc. v. FDIC*, 2009 U.S. Dist. LEXIS 111032 (D. Utah November 30, 2009), this court held that "any claim against a failed Bank must be submitted as an administrative claim before it may become grounds for a lawsuit," and "[t]he requirement for submitting an administrative claim under FIRREA applies to all claims seeking payment from the assets of the affected institution; all suits seeking satisfaction from those assets; and all actions for the determination of right vis-a-vis those assets." *Id.* at *2 (internal quotes and citation omitted).

Here, the FDIC was appointed as Receiver on September 18, 2009, shortly before Irwin Union was named in the Second Amended Complaint. Because Rupp filed its claim against Irwin Union after the FDIC's appointment as Receiver, Rupp must comply with FIRREA's dictates and exhaust its administrative remedies before filing suit.[2]

To this point, Rupp has not exhausted its administrative remedies. Rupp filed a claim with the FDIC, but it was a seemingly illogical claim for payment of the mechanic's lien (a debt that Rupp's counsel did not even attempt to argue the FDIC was truly liable for), rather than a request for a determination of priorities. Indeed, Rupp's description of its claim on the Proof of Claim it submitted to the FDIC reads simply "Mechanic's Lien." In its Notice of Disallowance, the FDIC explained that the claim was being denied because it "represented a third-party claim" and "[t]here [was] no claim against the Receivership."

Counsel for Rupp nevertheless argues that because the claim he filed was denied, Rupp may now pursue its request for a determination of priorities in this court. That court finds that argument without merit. The FDIC claims processors could not reasonably have been expected to interpret Rupp's request for payment of a mechanic's lien as a request to adjudicate a priority dispute. Furthermore, neither Rupp's claim nor the litigation of this case prior to the hearing on the motion to dismiss made it clear that Rupp

---

[2] Rupp makes much of the fact that it filed its Complaint on August 4, 2009, before Irwin Union went into receivership, and argues that the filing of a Lis Pendens against the Property on the same day served notice upon Irwin Union that it claimed an interest in the Property. As Rupp concedes, though, it did not name Irwin Union as a defendant until it filed its Second Amended Complaint on September 23. The court assumes without deciding that September 23 was the date on which the action commenced, and therefore that the claim against Irwin Union was not yet pending when the bank was taken into receivership. However, even if Rupp's claim was already pending, "[t]he Tenth Circuit has determined that the administrative requirements of FIRREA apply to claims pending at the time of the appointment of the receiver." *Northstar Funding Group,* U.S. Dist. LEXIS 111032 at *3, citing *RTC v. Mustang Partners,* 946 F.2d 103, 106 (10th Cir.1991).

5

is claiming that its lien has priority over the FDIC's security interest.[3] The court, therefore, concludes that Rupp has made no claim to the FDIC for a determination of priorities, and that Rupp's prior claim to the FDIC for payment on the mechanic's lien does not give the court jurisdiction.

However, if the FDIC is dismissed for lack of subject matter jurisdiction, the court will be compelled to remand the entire action back to state court. Furthermore, at the hearing on the motion to dismiss, counsel for the FDIC clarified that the FDIC would review the merits of a claim of priority if it were properly presented. The FDIC did not contend that a proper claim would be time-barred or prohibited at this time. Therefore, rather than dismiss the action for lack of jurisdiction, the court concludes that judicial economy favors the granting of a stay for Rupp to cure the jurisdictional defect by complying with the FDIC claims process. If the FDIC finds that Rupp's lien is superior, it may consent to foreclosure. If the FDIC finds that the lien is junior and does not consent to foreclosure, Rupp will have established jurisdiction in this court to challenge that determination.[4] The court therefore stays the proceedings to allow Rupp to make a proper request for a determination of rights.[5]  Rupp shall make its claim to the FDIC within ten

---

[3] For all his vague prior assertions that a priority dispute existed, only at the hearing did Rupp's counsel straightforwardly claim that Rupp's lien is superior to the FDIC's deed of trust. This overdue clarification simplifies matters. Had Counsel made a proper claim to the FDIC at the outset, or accurately articulated Rupp's position in his briefs, much time and resources would have been spared.

[4] The court notes that FIRREA's prohibition on foreclosure without consent appears to be absolute. Even if Rupp challenges the FDIC's determination of priorities in this court and obtains a ruling that its lien is senior, its right to foreclose will remain solely within the FDIC's discretion. The court stresses that it is staying the matter rather than dismissing it solely to allow Rupp's claim of priority to be resolved properly under the process set forth in FIRREA.

[5] The court will stay the matter to allow Rupp to argue to the FDIC that its interest is superior. However, the court notes that Irwin Union recorded its deed of trust on February 27, 2008, and that Rupp commenced its work on the Development on May 28, 2008. The trust deed therefore appears to be senior to the lien. In light of the fact that Rupp has adduced no evidence to support its newfound claim of priority, its irregular failure to assert this claim at an earlier juncture, and its improper filing of a Third Amended Complaint, the court cautions counsel for Rupp against making further dilatory and meritless arguments.

6

days of the date of this Order. The parties shall then notify this court within ten days of the FDIC's determination on the claim to lift the stay.

*12(b)(6) Motion*

In light of the fact that the court is staying the proceedings to allow Rupp to cure its jurisdictional defect, the court cannot proceed to the merits of the FDIC's motion.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the FDIC's Motion to Dismiss is DENIED without prejudice, and the case STAYED pending Rupp's submission of a proper claim of priority to the FDIC. Rupp shall make its claim to the FDIC requesting a determining of rights within ten days of the date of this Order. The parties shall then notify this court within ten days of the FDIC's determination on the claim to lift the stay.

DATED this 6th day of August, 2010.

BY THE COURT:

_____
DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE